## UNITED STATES v. CERTAIN LANDS IN TOWN OF HIGHLANDS, ORANGE COUNTY, N. Y., et al.

District Court, S. D. New York.

April 3, 1943.

See, also, D.C., 47 F.Supp. 934.

Harry T. Dolan, Sp. Asst. to Atty. Gen., for the United States.

Kahn & Unger, of New York City, for petitioners Arthur Pfeiffenberger and William G. Gerhardt.

Bull & Morreale, of Middletown, N. Y., for Sara T. Lain.

HULBERT, District Judge.

Two former owners of real property, acquired by the United States government in condemnation proceedings, petition for orders directing the Clerk of this Court to pay from funds heretofore deposited in the registry of this Court, in accordance with the provisions of the statute, the amounts awarded them as payments for such properties. These properties are located in Orange County, New York. The government does not oppose such applications but requests that the orders to be entered herein be settled on notice to all taxing authorities concerned. There being no opposition to the application of William G. Gerhardt, his petition is granted.

The second petition, that of Arthur Pfeiffenberger, is opposed by the executrix of the last will and testament of a judgment creditor of such petitioner who cross moves for an order directing the Clerk to pay to her as such executrix, a sum sufficient to satisfy the judgment obtained in 1931. In the event that this relief is denied, request is made for an order granting leave to serve upon the Clerk of this Court, orders in supplementary proceedings to be issued by the New York Supreme Court. These orders would require the Clerk to appear and be examined as a third party, enjoin meanwhile the payment out of the award to the petitioner Pfeiffenberger, and it would ultimately be sought to direct the Clerk to pay to the estate of the judgment creditor, so much of the award as would satisfy the judgment.

The judgment in question was not obtained in this Court but in the Justice's Court of the Town of Wawayanda, Orange County, New York. A transcript of such judgment was docketed in the office of the Clerk of Orange County on December 4, 1931, and in the office of the Clerk of New York County on March 24, 1943. Execution issued to the Sheriff of Orange County was returned unsatisfied on December 11, 1931.

Upon the docketing of such judgment in Orange County, it became a lien upon any real property situated in that County in which the petitioner then had, or subsequently acquired, an interest. Sec. 510, N.Y. Civil Practice Act. This would include the real property taken by the government. However, such lien would be valid only for ten years from the date of the judgment and consequently expired more than a year ago. Thus at the present time the judgment would not be a lien against the real property if it is still in the possession of the petitioner, and is not a lien against the award in condemnation (or the monies deposited with the Clerk) which took the place of such property. This lien

might have been extended or reinstated under Sec. 512, N.Y. Civil Practice Act, but the moving party, or her predecessor in interest, did not invoke the provisions of that section.

In the absence of a valid lien, therefore, it has not been shown that this Court has any power or authority to withhold part of a condemnation award from the petitioner, and apply the part thus withheld in payment of a State Court judgment. But assuming, as contended by the moving party, that such power is inherent in this Court because of the fact that funds to apply upon the award are presently within its custody and all of the interested parties are before it, sufficient reasons have not been advanced to warrant the exercise of such power. It is argued that the defendant, now being a resident of the State of Connecticut, the award when paid, is likely to be taken out of the State and will not thereafter be available for the purpose of satisfying the judgment. But the judgment creditor, or his executrix, should have foreseen such a contingency, and could have taken steps for protective relief. During the ten years that the judgment was a lien against the real property, there was ample opportunity to proceed in accordance with the State Court practice to foreclose the lien, to sell the property and to apply the proceeds in satisfaction of the judgment. Such steps have not been taken and even after the lien expired, no efforts were made to renew it either by action on the judgment, or otherwise. Furthermore, the moving party has not shown, even at this late date, there are no adequate remedies available in the State Courts, and it seems probable there is at least one. But, be that as it may, a judgment creditor who has been remiss until it is too late, should not expect the aid of this Court because of the fortuitous circumstance that its Clerk has property of the judgment debtor in his possession, and expect this Court to invoke its equity powers to prevent such property from being removed from the State.

As far as the alternative relief requested is concerned, no order in supplementary proceedings directed to the Clerk of this Court has, as yet, been signed by any Justice of the New York Supreme Court. On the contrary, it appears that two requests for such orders have been denied. In fact, it is doubtful whether that Court has power to issue any such order directed to the Clerk of this Court. See, Manufacturers Trust Co. v. Ross, 252 App.Div. 292, 299 N.Y.S. 398. Needless to say if such power is lacking, no order of this Court will supply the deficiency. It follows, therefore, that as far as the New York Supreme Court is concerned, any order which this Court might make would only serve to advise that Court that if it has the power to sign an order in supplementary proceedings directed to the Clerk of this Court, Mr. Follmer would comply with its provision. Obviously such an order is unnecessary and would serve no useful purpose.

The motion made on behalf of the judgment creditor is denied and the petition of Arthur Pfeiffenberger is granted, as well as the request of the government with respect to notice of settlement to all taxing authorities concerned. Settle order on notice.